UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER L. PIKE,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
                                     /

Case No. 2:18-cv-11262

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
OVERRULING IN PART AND
SUSTAINING IN PART OBJECTIONS [15],
ADOPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATION [14], GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND [12],
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]**

The Commissioner of the Social Security Administration ("SSA") denied Heather Pike's application for supplemental security income and disability insurance benefits in a decision issued by an Administrative Law Judge ("ALJ"). After the SSA Appeals Council declined to review the ruling, Pike appealed. ECF 1. The Court referred the matter to Magistrate Judge Stephanie Dawkins Davis, and the parties filed cross-motions for summary judgment. ECF 3, 12, 13. The magistrate judge issued a Report and Recommendation ("Report") advising the Court to deny Pike's motion and grant the Commissioner's motion. ECF 14. Pike filed timely objections to the Report. ECF 15. After examining the record and considering Pike's objections de novo, the Court will deny her first objection but sustain her second objection. The

Court will therefore adopt in part and reject in part the Report, deny the Commissioner's motion for summary judgment, grant Pike's motion for summary judgment or remand, and remand the case to the Commissioner for further proceedings.

## BACKGROUND

The Report properly details the events giving rise to Pike's action against the Commissioner. ECF 14, PgID 620–21. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Individuals who receive an adverse final decision from the Commissioner may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). "Substantial evidence is more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys.–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his

factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends on whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**DISCUSSION**

Pike raises two objections. The Court will address each in turn.

I. Objection 1

First, Pike objects to the magistrate judge's determination that the ALJ properly found that she could perform sedentary jobs. ECF 15, PgID 646–50. Pike largely rehashes her summary judgment argument. *Compare id. with* ECF 12, PgID 589–91. "Objections that are merely recitations of the identical arguments that were before the magistrate judge do not constitute specific written objections to the proposed findings and recommendations," and the Court is therefore "not obligated to address" such objections. *England v. Comm'r of Soc. Sec.*, No. 15-12818, 2016 WL 5939288, at *3 (E.D. Mich. Oct. 13, 2016) (internal quotations and citations omitted).

3

To the extent that Pike's objection mirrors her summary judgment argument, the Court will not address it.

Pike briefly raises what appears to be a new argument that the magistrate judge applied the incorrect legal standard, but her argument is unfounded. Contrary to Pike's assertion, ECF 15, PgID 647, the ALJ did not find non-exertional limitations. *See* ECF 9-2, PgID 53 (ALJ decision, finding "that the claimant has the residual functional capacity to perform the full range of unskilled sedentary work"). Pike's reliance on the hypotheticals that the ALJ posed to the vocational expert is misplaced. *See* ECF 15, PgID 647–48. The ALJ did not ultimately determine that Pike suffers from the non-exertional limitations included in her hypothetical. The ALJ therefore did not err in relying on the grids, and the magistrate judge in turn did not apply the wrong legal standard by relying on *Morris v. Comm'r of Soc. Sec.*, No. 1:13-cv-01048-STA-cgc, 2017 WL 2191668 (W.D. Tenn. May 18, 2017). As the magistrate judge noted, "all jobs under the grids are unskilled," so a limitation that a plaintiff can perform only unskilled work does not affect that plaintiff's "ability to perform the full range of sedentary work." ECF 14, PgID 628 (quoting *Morris*, 2017 WL 2191668, at *6). And the grid rules for sedentary work "satisf[y] the Commissioner's burden of showing that work exists in significant numbers in the national economy which [Pike] can perform." *Morris*, 2017 WL 2191668, at *6. The Court will therefore overrule Pike's first objection.

II.  Objection 2

Second, Pike objects to the magistrate judge's conclusion that the ALJ did not err in giving only limited weight to the opinion of Pike's treating physician, Dr. Richter. ECF 15, PgID 650–52. Pike again largely rehashes her summary judgment argument. *Compare id. with* ECF 12, PgID 591–94. But Pike does pose two specific objections to the magistrate judge's treatment of her initial argument. First, Pike takes issue with the magistrate judge's factual determination, arguing that, contrary to the magistrate judge's finding, Pike did discuss her vertigo symptoms with Dr. Walford. ECF 15, PgID 651. Second, Pike contends that the magistrate judge's legal conclusion that "the ALJ's failure to discuss some of the objective testing did not result in error" was incorrect. *Id.* (quoting ECF 14, PgID 641). The Court will address each argument in turn.

The magistrate judge found that Pike "did not report vertigo symptoms during any of her visits to Dr. Walford's office between December 2015 and March 2016." ECF 14, PgID 632. But the Commissioner concedes that Dr. Walford's December 2015 treatment notes for Pike include a notation that she complained about ongoing dizziness episodes. ECF 16, PgID 659. And the record confirms the concession. Dr. Walford's notes from Pike's December 7, 2015, appointment state that "[s]he continues to have multiple 20 minute episodes of 'room spinning' without other vision or hearing changes." ECF 9-8, PgID 349. For the reasons below, the magistrate judge's factual error warrants rejecting the Report's recommendation that the Court uphold the ALJ's decision.

5

The ALJ refused to give controlling weight to the opinion of Pike's treating physician—Dr. Richter—regarding the breaks and time off that Pike would need because of her dizzy spells and the standing limitations she would have because of her vertigo symptoms. ECF 9-2, PgID 56–57. She did so because Richter's opinions were "not supported by his office treatment notes or the other substantial evidence of the record, which documents only [two] vertigo episodes." *Id.* But the magistrate judge and the Commissioner acknowledge that the ALJ's statement regarding the number of vertigo episodes recorded in Dr. Richter's treatment notes is incorrect. *See* ECF 14, PgID 632 (the Report, noting that the Commissioner admits the ALJ's statement was "an undercount" and finding that "Pike reported persistent vertigo symptoms during all of her visits with Dr. Richter in the fall of 2015"). And contrary to the magistrate judge's finding, Pike also reported ongoing instances of dizzy spells to Dr. Walford in December 2015. *Cf. id. with* ECF 9-8, PgID 349. Further, it is unclear whether the magistrate judge is correct that Pike "did not report any particular vertigo-related symptoms to Dr. Richter in January or May 2016," ECF 14, PgID 632, because Dr. Richter at least continued to list "[p]ersistent/recurrent vertigo" as part of his assessment of Pike in May 2016, ECF 9-9, PgID 451.

The magistrate judge's only remaining justification for the ALJ's refusal to afford Dr. Richter's opinion controlling weight is that "there is no record of any treatment for headaches at any time between the May 2016 visit and the ALJ's decision, in September 2017." ECF 14, PgID 633. But the lack of more recent treatment notes is not "substantial evidence in the case record" that is "inconsistent"

with Dr. Richter's opinion. *See Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2) (alteration omitted)). Dr. Richter's opinion was therefore entitled to controlling weight. Because the ALJ failed to "provide[] good reasons for the weight given to a treating physician's opinion," the Court will remand the case to the Commissioner for further proceedings. *Id.* at 267 (internal quotations and citation omitted) (alteration added).

Finally, as to Pike's argument regarding the objective medical testing, ECF 15, PgID 652, the Court agrees with the magistrate judge. The objective medical tests simply substantiated that there was an underlying cause to Pike's vertigo symptoms; they did not provide additional information about Pike's symptoms. ECF 14, PgID 633. The Court will therefore overrule the second portion of the objection. Regardless, the objective medical tests are not inconsistent with Dr. Richter's opinion. The Court will therefore remand the case to the Commissioner.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Pike's objections. The Court will overrule Pike's first objection, sustain Pike's second objection, adopt in part and reject in part the Report, deny the Commissioner's motion for summary judgment, grant Pike's motion for summary judgment or remand, and remand the case to the Commissioner for further proceedings not inconsistent with this opinion.

7

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Pike's objections [15] are **SUSTAINED IN PART AND OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that Pike's first objection is **OVERRULED** and Pike's second objection is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [14] is **ADOPTED IN PART AND REJECTED IN PART**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment [13] is **DENIED**.

**IT IS FURTHER ORDERED** that Pike's motion for summary judgment or remand [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **REMANDED** to the Commissioner for further proceedings not inconsistent with this opinion.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 23, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 23, 2019, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager